UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD L. HOLMES, II,,<br><br>                Plaintiff,<br><br>   v.<br><br>Q13 NEWS, *et al.*,<br><br>                Defendants. | Case No.  C18-984-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Edward Holmes has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated a cognizable ground for relief in this action.  The Court therefore recommends that plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

REPORT AND RECOMMENDATION - 1

## DISCUSSION

On July 3, 2018, plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff, who is currently awaiting trial in King County Superior Court on a charge of first degree arson, alleged in his complaint that he had been wrongly accused of, and charged with, first degree arson. (*See* Dkt. 5-1.) Plaintiff claimed that his arrest in October 2017 was based on a false probable cause affidavit filed by a King County Sheriff's Office Fire/Arson Investigator, and that the government had engaged in various forms of misconduct during the prosecution of his criminal case. (*See* Dkt. 5 at 3.) Plaintiff also claimed that media coverage of his alleged crime, which was aired on Q13 News, was inflammatory and based on racial stereotypes, and had interfered with his ability to receive a fair trial. (*See id*.; Dkt. 5-1.) Finally, plaintiff appeared to claim that the media coverage by Q13 News had subjected him to abuse during his incarceration, had caused him mental anguish, and had caused his children to be bullied. (*See* Dkt. 5 at 3; Dkt. 5-1.) Plaintiff identified Q13 News, the King County Sheriff, the King County Prosecutor, and the King County Jail as defendants in this action. (*See* Dkt. 5 at 1-2.) Plaintiff asked that he be released from custody and that he be awarded $2.5 million in damages. (*Id*. at 4.)

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a cognizable ground for relief under § 1983 and, thus, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 7.) Plaintiff was advised in the Order to Show Cause that his claims that he had been wrongfully accused in state court, and that the government had engaged in misconduct during the course of his criminal prosecution, were inextricably intertwined with his pending state court criminal proceedings and that federal courts will generally not intervene in such proceedings absent extraordinary circumstances. (*Id*. at 2,

REPORT AND RECOMMENDATION - 2

citing *Younger v. Harris*, 401 U.S. 37 (1971).) Plaintiff was further advised that his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in his ongoing state court criminal proceedings. (Dkt. 7 at 2.)

Plaintiff was also advised in the Order to Show Cause that to the extent he asserted claims related to the media coverage of his alleged crime, he had not stated any claim upon which relief could be granted in this action because Q13 News, the entity responsible for the media coverage, could not properly be deemed a state actor for purposes of § 1983. (*See id.*, citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).) Plaintiff was granted thirty days to file a response to the Order to Show Cause. (*Id.*)

Plaintiff filed a timely response to the Order to Show Cause on August 29, 2018, and he filed a supplemental response on August 30, 2018. (*See* Dkts. 8, 9.) In his responses, plaintiff reiterates his claims that he will not be afforded a fair criminal trial, and that the media coverage of his alleged crime has caused him mental anguish as well as problems in jail. (*See id.*) However, he offers no argument or evidence demonstrating that there are extraordinary circumstances which would justify this Court's intervention in his criminal proceedings, or that Q13 News is properly deemed a state actor in these proceedings. Accordingly, plaintiff has not stated a cognizable ground for relief under §1983, and this action must therefore be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 25, 2018**. Failure to file objections

REPORT AND RECOMMENDATION - 3

1  within the specified time may affect your right to appeal.  Objections should be noted for

2  consideration on the District Judge's motion calendar for the third Friday after they are filed.

3  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

4  timely objections are filed, the matter will be ready for consideration by the District Judge on

5  **October 26, 2018.**

6       This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

7  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

8  assigned District Judge acts on this Report and Recommendation.

9       DATED this <u>4th</u> day of October, 2018.

                                    _____
                                    JAMES P. DONOHUE
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 4